UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MICHAEL WOODS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner | ) |  |
|  | ) | CAUSE NO. 2:11-CV-373 RM |
| vs. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent | ) |  |

## OPINION AND ORDER

Michael Woods, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a disciplinary proceeding at Westville Correctional Facility ("Westville").[1] In WCU-11-01-0510, Mr. Woods was found guilty of exposing himself in violation of Rule B-216 of the Adult Disciplinary Procedures ("ADP"). The charge was initiated on January 26, 2011, when Correctional Officer C. Stobaugh prepared a conduct report stating as follows:

> On 1-25-11 at approx 8:30 p.m., I ofc. C. Stobaugh was passing laundry slips on C Pod C4 Range. At this time I approached cell CF 206 belonging to Offender Woods, Michael #911570. I ofc. C. Stobaugh knocked on the window and asked Offender Woods #911570 if he would like a laundry slip. Offender Woods stated "yes." At this time I ofc. C. Stobaugh looked into Offender Woods #911570's cell and found Offender Woods standing completely naked exposing his genitals to me. At this time I stepped away from the cell door and told Offender Woods #911570 that he needed to be dressed when I was on the Range. At this time Offender Woods called me ofc. C. Stobaugh a "bitch."

Officer S. Milan also provided the following witness statement:

---

[1] Mr. Woods is serving sentences for criminal deviate conduct, armed robbery, criminal confinement, sexual battery, battery, and public indecency. His projected release date is November 2038.

> On above date [Jan. 25, 2011] and approximate time [8:30 p.m.] while Ofc C. Stobaugh and myself Ofc. S. Milan was passing laundry slips on C-Pod 4-Range when approached cell C4-206 Offender Woods, Michael #911570 was standing naked exposing his genitals. Ofc. C. Stobaugh stated he needed to be dressed while we were on the range. Offender Woods, Michael #911570 was using profanity calling Ofc. C. Stobaugh a (Bitch).

(DE 7-1.)

On February 4, Mr. Woods was formally notified of the charge and was given a copy of the conduct report. He pled not guilty, requested a lay advocate, and requested "video of Range" as physical evidence. He didn't request any witnesses. Before the disciplinary hearing, the hearing officer viewed the surveillance video and summarized it as follows: "Officer Stobaugh and Officer Milan are seen going from cell to cell and stopped at cell C4-206. Officer Stobaugh is seen talking or giving something to the occupant of the cell. There is no audio or cameras in the individual cells."

On February 23, a hearing was held. Mr. Woods made the following statement: "She came around and ask if we needed clothing form. I got up out of bed. She threw the paper on the floor. I did have clothes on." After considering the conduct report, Mr. Woods's statement, the video evidence, and Officer Milan's witness statement, the hearing officer found Mr. Woods guilty. He was sanctioned with one month of segregation and ten days lost earned time credits. Mr. Woods's appeals to the facility head and the Department of Correction were unsuccessful.

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural

protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-566 (1974).

Mr. Woods first claims that he was denied his "right to lay representation in accordance with administrative procedures for policy 02-04-11[.]" This claim is somewhat confusing, since the record reflects that Mr. Woods *was* represented by a lay advocate at the disciplinary hearing. He might be complaining that the lay advocate was assigned to his case outside the time frame specified in the ADP. Federal habeas relief can't be granted for violations of state law, so the court can't consider a claim premised on a violation of the ADP or other prison policy is not cognizable in this proceeding. Estelle v. McQuire, 502 U.S. 62, 67-68 (1991).

To the extent Mr. Woods is trying to raise a federal claim about his lay advocate, inmates don't have a constitutional right to representation in disciplinary hearings. Wolff v. McDonnell, 418 U.S. at 570. Due process requires a lay advocate only in limited circumstances, such as when the inmate is illiterate or when "the complexity of the case makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Id. Mr. Woods doesn't claim to be illiterate, and his filings in this case show that he is literate and capable of articulating his position. This wasn't a

complex case; the only issue before the hearing officer was whether Mr. Woods was naked in his cell on the date in question. Based on the record, the Court cannot discern any due process violation.[2] Accordingly, this claim is denied.

Mr. Woods next claims that he was denied the right to present evidence in his defense. An inmate has a qualified right to call witnesses and present evidence in his defense, when consistent with institutional safety and correctional goals. Wolff v. McDonnell, 418 U.S. at 565. The record shows that the only evidence Mr. Woods asked for was surveillance video from the range. The hearing officer reviewed this evidence before the hearing, but it neither helped nor hurt Mr. Woods, since it merely showed Officer Stobaugh talking to someone inside his cell. To the extent Mr. Woods claims that the hearing officer violated internal prison policy with respect to the handling or viewing of the video, that wouldn't present a basis for granting federal habeas relief. Estelle v. Gamble, 502 U.S. at 68.

Mr. Woods might be claiming that he should have been given a chance to view the video himself. The United States Constitution gives him no right to do so. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. at 556. Unlike a criminal defendant, a prisoner has no right to confront adverse witnesses or evidence at a disciplinary hearing. Wolff v. McDonnell, 418 U.S. at 568; *see also* White v. Ind. Parole Bd., 266 F.3d 759, 768

---

[2] To the extent Mr. Woods claims that he was given inadequate notice of the charge, due process requires that inmates be given at least 24 hours written notice before the hearing. Wolff v. McDonnell, 418 U.S. at 464. More than two weeks passed the date of the notice and the date of Mr. Woods's hearing.

4

(7th Cir. 2001) (prisoner had no due process right to view videotape that the disciplinary board considered). Moreover, nothing in the record indicates that the video was even probative; the video didn't show who Officer Stobaugh was talking to, let alone reveal whether the individual was clothed or naked. Mr. Woods hasn't established a due process violation, so this claim is denied.

Mr. Woods next claims that he was denied a "fair hearing." He reiterates his allegations that prison officials violated the ADP with respect to the surveillance video and assigning a lay advocate to his case. As already explained, violations of the ADP don't provide a basis for granting federal habeas relief, and Mr. Woods hasn't established a violation of his due process rights in connection with either of these allegations. Accordingly, this claim is denied.

Mr. Woods' final claim is that he was denied his "right to appeal." He appears to argue that certain procedural rules were violated in connection with his appeal. As already explained, violations of the ADP or other prison policy don't warrant federal habeas relief. Estelle v. Gamble, 502 U.S. at 68. Wolff doesn't guarantee inmates any appeal rights at all in disciplinary cases, but the record shows that Mr. Woods received two levels of appellate review in this case. That his appeals were denied doesn't establish a constitutional violation. Accordingly, this claim is denied.

For the reasons set forth above, the court DENIES the petition.

SO ORDERED.

ENTERED: May __15__, 2012.                    ___/s/ Robert L. Miller, Jr.___

                                                Judge
                                                United States District Court

cc: M. Woods
    J. Huffman